UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEIFEI GU,<br><br>                    Plaintiff,<br><br>          -against-<br><br>HANG CHEN, et al.,<br><br>                    Defendants. | 1:24-CV-4612 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Feifei Gu, of Brooklyn, Kings County, New York, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 and under state law, seeking damages, injunctive relief, and declaratory relief. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for Eastern District of New York.

## DISCUSSION

Under the appropriate venue provision for Plaintiff's claims, this action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not plead where all of the defendants reside. Plaintiff does allege, however, that at least two of them reside in Florida. (ECF 1, at 2.) Thus, because not all of the defendants are alleged to reside within the State of New York, it does not matter, for the purposes of establishing venue under Section 1391(b)(1), whether any of the defendants reside within this judicial district.[1] Accordingly, this court is not a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges that the events giving rise to the claims occurred in Brooklyn, Kings County, New York, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff does not allege any facts that suggest that any of the events giving rise the claims occurred within the judicial district. *See* § 112(b). Accordingly, under Section 1391(b)(2), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As this court is clearly not a proper venue for this action, and because it seems that all of the alleged events took place in the Eastern District of New York, in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York. *See id.*

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 20, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge